# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

AMY WHITLOCK,                             )
                                          )
    Plaintiff,                            )
                                          )
v.                                        )     Case No.
                                          )
ATLANTIC CREDIT AND FINANCE, INC.,        )
                                          )
    Defendant.                            )

## PLAINTIFF'S COMPLAINT

Plaintiff, AMY WHITLOCK ("Plaintiff"), through her attorneys, Walker McMullan, Attorneys, alleges the following against Defendant, ATLANTIC CREDIT AND FINANCE, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k ("FDCPA").

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Cedar Bluff, Cherokee County, Alabama.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a national collection agency headquartered in Roanoke, Virginia.

11. Defendant is a business entity engaged in the collection of debt within the State of Alabama.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff.

19. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

20. In or around September 2015, Defendant began calling Plaintiff on Plaintiff's work telephone at xxx-xxx-8997 in an attempt to collect the alleged debt.

21. Defendant calls Plaintiff from 256-422-5010, which is one of Defendant's telephone numbers.

22. In or around September 2015, Plaintiff answered one of Defendant's collection calls and spoke with one of Defendant's collectors.

23. During the aforementioned conversation, Plaintiff told Defendant to stop calling her.

24. Despite Plaintiff's request that Defendant stop calling her, Defendant continued to place collection calls to Plaintiff on her cellular telephone at xxx-xxx-6393.

25. Specifically, Defendant placed a collection call to Plaintiff's cellular telephone on or around October 1, 2015.

26. The natural consequences of Defendant's statements and actions was to unjustly condemn Plaintiff for her non-payment of the debt he allegedly owes.

27. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

28. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

29. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, and abuse any person in connection with the collection of an alleged debt when Defendant continued to call Plaintiff after Plaintiff's request that Defendant stop calling her; and

    b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass any person at the called number when Defendant continued to call Plaintiff despite Plaintiff's request that Defendant stop calling her.

30. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, AMY WHITLOCK, respectfully requests judgment be entered against Defendant, ATLANTIC CREDIT AND FINANCE, INC., for the following:

32. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

33. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

34. Any other relief that this Honorable Court deems appropriate.

                                                  RESPECTFULLY SUBMITTED,

DATED: March 03, 2016        By: _/s/M. Brandon Walker_
                                           M. Brandon Walker
                                           Walker McMullan, Attorneys
                                           242 West Valley Avenue, Suite 312
                                           Birmingham, AL 35209
                                           Tel: 205-417-2541
                                           E-mail: brandon@walkermcmullan.com
                                           Attorney for Plaintiff